IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY LEE McCALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 07-498-DRH |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

This action is before the Court to rule on Petitioner's motion for reconsideration (Doc. 5). Technically, such a motion does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

Judgment was entered in this action on August 9, 2007, and the instant motion was filed on

August 23. Giving him the benefit of the mailbox rule,[1] the Court finds that this motion was filed within the 10-day period. *See* FED.R.CIV.P. 59(e). Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Upon review of the record, the Court remains persuaded that its ruling – that Petitioner is not entitled to relief under Section 2241 – was correct. Therefore, the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   September 6, 2007.**

/s/     DavidRHerndon
**DISTRICT JUDGE**

---

[1] *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (a Rule 59(e) motion filed by a *pro se* prisoner is considered "filed" at the moment of delivery to the prison authorities, rather than at a later point in time after the authorities had forwarded the notice to the court and the court had formally recorded its receipt).