# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY LEE McCALL,** | ) |
| Petitioner, | ) ) ) |
| vs. | ) CIVIL NO. 07-498-DRH ) |
| **UNITED STATES OF AMERICA, et al.,** | ) ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

This matter is before the Court on Petitioner's motion for reconsideration (Doc. 22) of an order denying his prior motion to proceed *in forma pauperis* on appeal. Also before the Court is Petitioner's new motion for leave to proceed *in forma pauperis* on appeal (Doc. 23).

On October 23, 2007, this Court denied Petitioner's prior motion to proceed *in forma pauperis* as moot because the Seventh Circuit Court of Appeals had already dismissed Petitioner's appeal (Doc. 20). On November 13, 2007, the Seventh Circuit vacated its order dismissing the appeal (Doc. 21). Because Petitioner has a new motion to proceed *in forma pauperis* on appeal currently pending before this Court (Doc. 23), Petitioner's motion to reconsider the prior dismissal of his *pauper* motion (Doc. 22) is **DENIED**.

In reviewing Petitioner's new motion to proceed *in forma pauperis* on appeal (Doc. 23), this Court considers two provisions: 28 U.S.C. § 1915(a) and Federal Rules of Appellate Procedure 24(a). The statutory provision, as amended by the Prison Litigation Reform Act of 1996 ("PLRA"), delineates three grounds on which a court can deny *pauper* status to a prisoner-appellant: (1) the prisoner-appellant has not established his indigence; (2) the prisoner-

appellant's appeal is not taken in good faith; or (3) the prisoner-appellant has "three strikes" already.  28 U.S.C. § 1915(a), (g).  *See also Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998). The appellate rule similarly requires the appellant to demonstrate his indigence and mandates that the appeal be taken in good faith.  FED.R.APP.P. 24(a)(1)(A), (a)(3).  Additionally, the appellate rule requires the appellant to outline his "entitlement to redress" and "the issues that [he] intends to present on appeal."  FED.R.APP.P. 24(a)(1)(B), (a)(1)(C).

Several times since the enactment of the PLRA, the Seventh Circuit has addressed what a prisoner must show to secure pauper status on appeal.  In 1997, the Court emphasized that the district court's task is quite limited in deciding whether to grant pauper status on appeal:

> Under the former § 1915(d), a district judge could knock out an appeal by certifying that it was frivolous.  Under the amended statute, the district court's only role with respect to appeals is determining whether the appeal was taken in 'good faith.'

*Newlin v. Helman,* 123 F.3d 429, 433 (7th Cir. 1997), *cert. denied*, 522 U.S. 1054 (1998).

The following year, the Seventh Circuit issued a *per curiam* opinion "to clarify the district court's responsibilities when making good faith determinations under Federal Rules of Appellate Procedure 24."  *Pate*, 163 F.3d at 438.  In rejecting the district court's conclusion that the appellant had not complied with Rule 24(a)'s requirement that he articulate the reasons for his appeal, the Seventh Circuit noted that the pleadings before the Court (including post-trial motions) presented arguments as to why he believed he was entitled to redress and spelled out the basis for his appeal.  The Seventh Circuit reiterated that the standard governing *in forma pauperis* on appeal is more liberal than the standard governing certificates of appealability, and admonished the lower courts:  "We caution district courts not to apply an inappropriately high standard when making good faith determinations."  *Pate*, 163 F.3d at 438.  *See also Lee v.*

*Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000) (An appellant is "acting in bad faith in the more common legal meaning of the term . . . [when he sues] . . . on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit.").

The instant § 2241 action was dismissed because it plainly appeared from the application that the Petitioner was not entitled to relief. *See* 28 U.S.C. § 2243. Specifically, this Court found that because the application asserted only that the sentencing court misapplied the Sentencing Guidelines, relief pursuant to 28 U.S.C. § 2241 was not available. Petitioner's motion for reconsideration - which is the only document in the record detailing his reasons for appealing - completely ignores this Court's finding that § 2241 is not the proper vehicle for asserting his claim that the Sentencing Guidelines were wrongly applied by the sentencing court. Instead, Petitioner focuses almost entirely on why the sentencing court's calculation of the Guidelines is wrong. As such, this Court is unable to conclude that the appeal is taken in good faith. Accordingly, Petitioner's motion to proceed *in forma pauperis* on appeal (Doc. 23) is **DENIED**. Plaintiff shall tender the appellate filing and docketing fee to the Clerk of Court in this District, or he may reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

**DATED:** January 18, 2008.

/s/DavidRHerndon
**DISTRICT JUDGE**